IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAMIAN THOMAS                                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION NO.: 3:10cv448-DPJ-FKB

JACKSON METROCENTER MALL, LTD.,
GRUBB AND ELLIS MANAGEMENT
SERVICES, INC., SEARS ROEBUCK COMPANY,
VALOR SECURITY SERVICES AND
JOHN DOES 1-10                                                                                    DEFENDANTS

ORDER

This premises-security action is before the Court on Sears and Roebuck Company's ("Sears") Motion for Summary Judgment [44] and Plaintiff Damian Thomas's Motion to Continue [49].  The Court, having considered the submissions of the parties, the applicable law, and procedural history of this case finds that both motions should be granted.

I.     FACTS AND PROCEDURAL HISTORY

Plaintiff, Damien Thomas ("Thomas"), filed this premises-security action against Sears, Metrocenter Mall, Ltd. and Grubb & Ellis Management Services Inc. for physical and emotional injuries he allegedly suffered as a result of an attempted armed robbery at the Metrocenter Mall on December 11, 2007.  Sears asserts that Thomas has not demonstrated any failure on the part of Sears which proximately resulted in the claims asserted in the Complaint.  Sears' Mem. Supp. Mot. Sum. J. [45] at 1.

In August 2011, all defendants moved for summary judgment, but Thomas failed to timely respond.  This prompted the Court's October 3, 2011, Order to Show Cause [48] requiring Thomas to respond to the motions or advise the Court if he intended to confess them.  *Id.*

Thomas was ordered to file his response to the Order to Show Cause by October 14, 2011 [48]. The Order expressly stated that "[f]ailure to timely respond to this order may result in dismissal of this case." *Id.*

On October 14, 2011, Thomas filed a Motion to Continue [49] which doubled as his response to the show cause order. His motion sought an order "continu[ing] the trial of this matter for sixty days and to extend the discovery deadline accordingly, and to hold Defendants, Jackson Metrocenter Mall, Ltd's [sic] and Grubb & Ellis Management Services Inc.'s Motion For Summary Judgment In Abeyance until the expiration of the discovery deadline."

Thomas' Motion to Continue seeks discovery with no explanation, no affidavit or declaration, and no attempt to comply with any of the requirements of Rule 56(d). *See*, *e.g.*, *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (holding that such motions must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."). Those omissions are certainly understandable as to defendants Metrocenter and Grub & Ellis, because Thomas's motion for continuance is limited to the motions filed by those two defendants, and he sought and received their consent for the relief he seeks. *Id.*

Sears is a different story. As it observes in response to Thomas's Motion to Continue, Thomas neither sought continuance of Sears' pending summary-judgment motion nor asked for Sears' consent. Sears' Resp. to Pl's Combined Response to Court's Show Cause Order [50] at 2. Sears concludes by asking the Court to grant its summary judgment motion and dismiss Thomas's Complaint with prejudice. *Id.* Thomas never replied, never responded to the

summary- judgment motion, and never complied with the show cause order regarding Sears. The time to do so has now passed.

II.     ANALYSIS

It appears that Thomas abandoned the claim against Sears.  Regardless, the Court has the authority under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority, to dismiss this action against Sears for Thomas' failure to prosecute and/or comply with orders of the Court.  *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  Given the failure to respond Sears's motion, Sears' response to the Motion to Continue, or the Court's show-cause order, dismissal is appropriate.

Morever, the Court has considered Sears' Motion for Summary Judgment [44].  While a dispositive motion cannot be granted for mere lack of response, Sears's motion appears meritorious based on the record before the Court and Thomas's failure to create a genuine issue of material fact.  *McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment where counsel failed to file timely response); *Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond); *Stewart v. City of Bryan Public Works*, 121 F. App'x 40, 42 (5th Cir. 2005) (same); *Ahart v. Vickery*, 117 F. App'x 344, 344 (5th Cir. 2004) (same).  Thomas has failed to establish a *prima facie* case against Sears.  Therefore, the Court finds that Sears' Motion for Summary Judgment should be granted.

IT IS, THEREFORE, ORDERED that Sears' Motion for Summary Judgment [44] is GRANTED. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Thomas's Motion to Continue and for additional discovery [49] is likewise well taken and therefore GRANTED. But because Thomas seeks additional discovery, a sixty-day continuance of the pretrial and trial dates will not leave the Court sufficient time to consider dispositive motions once they are fully briefed. Accordingly, the following deadlines shall apply:

| | |
|---|---|
| Discovery Deadline: | January 9, 2012 |
| Dispositive Motion Deadline: | January 23, 2012 |
| Pretrial Conference: | May 4, 2012 |
| Trial: | term beginning June 17, 2012 |

Due to the extension of discovery in this case, the Court finds that Defendants' motions for summary judgment [46] should be considered moot at this time. Once discovery is completed, Defendants may refile their original motions for summary judgment or file supplemented motions for summary judgment in accordance with the new dispositive motion deadline.

**SO ORDERED AND ADJUDGED** this the 9th day of November, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE